UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Haikel Gsouri,

          Plaintiff,

v.

Clark County Jail et al.,

          Defendant.

CASE NO. 3:18-cv-05472-BHS-JRC

ORDER

Before the Court plaintiff's motion to compel and request for extension. Dkt. 33. Plaintiff asks the Court to compel defendants to produce responses to Interrogatories 6, 8, 9, 19, and 20; RFPs H, M, and Q; and emails entitled "Exhibit B". Dkt. 33.

The Court denies the motion to compel because: (1) plaintiff did not include a certification that he conferred with counsel for defendants as to Interrogatories 6, 8, and 19 and RFPs M and Q before he filed his motion; (2) Exhibit B contains privileged information; (3) plaintiff has not shown that defendants are in possession of any additional documents or information related to Interrogatory No. 20; and (4) plaintiff has not shown how the discovery

request in RFP H is relevant to this matter. The Court grants plaintiff's motion as to Interrogatory No. 9 because defendants' response is insufficient. The Court denies plaintiff's open-ended request for an extension to respond to future motions without prejudice, but if defendants file a motion and plaintiff needs more time to file his response, he may file a motion for extension at such a time. The Court also denies plaintiff's request for legal advice but directs the Clerk to send plaintiff a copy of the docket sheet which will include any pending motions. Also pending is defendants' motion for summary judgment (Dkt. 36), which will be addressed in a separately filed report and recommendation.

**A. Interrogatories 6, 8, and 19 and RFPs M and Q**

Plaintiff's motion includes a certificate that plaintiff has in good faith conferred or attempted to confer with counsel for defendants as to some of his discovery requests. *See* Dkt. 33 at 4. However, plaintiff did not confer with counsel as to Interrogatories 6, 8, and 19 and RFPs M and Q. *See id.* In response to plaintiff's motion, counsel for defendants submits a declaration, stating that plaintiff has not made any efforts to contact defendants regarding Interrogatories 6, 8, and 19 and RFPs M and Q and that the parties have not met and conferred with respect to these requests. Dkt. 33, 35 (Declaration of Leslie Lopez, Counsel for Defendants), Exhibit 3.

While a party may apply to the court for an order compelling discovery, Fed. R. Civ. P. 37 and LCR 37(a)(1) require the movant to first meet and confer with the party failing to make disclosure or discovery in an effort to resolve the dispute without court action. In addition, when filing a motion to compel, the movant must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the

movant fails to include such a certification, the Court may deny the motion without addressing the merits of the dispute.  *See* LCR 37(a)(1).

Plaintiff has failed to meet his requirements under the local court rule by not conferring with defendants' counsel by telephone or providing a certification of compliance with this rule with respect to Interrogatories 6, 8, and 19 and RFPs M and Q.  Therefore, the Court denies plaintiff's motions to compel as to these discovery requests without prejudice.

The Court notes that defendants also argue that they have responded to Interrogatories 6, 8, and 19 and RFPs M and Q. However, the Court declines to consider this alternative argument at this time.

**B.  Exhibit B, Interrogatories 9 and 20, and RFP H**

As to Exhibit B, Interrogatories 9 and 20, and RFP H, defendants concede that plaintiff has satisfied the meet and confer requirement. *See* Dkts. 33, 34, 35. Therefore, the Court will address the merits of plaintiff's motion to compel as to these requests.

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  *Id.*

When a party fails to answer an interrogatory under Rule 33 or fails to permit inspection of documents under Rule 34, the requesting party may move the court for an order compelling discovery.  Fed. R. Civ. P. 37(a)(3).  For purposes of such a motion, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed.

R. Civ. P. 37(a)(4). Furthermore, a court must limit the frequency or extent of discovery . . . [when] the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(1)(C). A party is only required to produce documents in response to a request for production where those documents are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a).

1. *Exhibit B*

Plaintiff requests a Court order releasing redacted emails to him entitled "Exhibit B." Dkt. 33. Plaintiff requests that the Court order release of "all those blocked email communication as they relate to me as you can see in the subject of the email." Dkt. 33 at 2, Exhibit B. The emails that plaintiff refers to are emails between Jane Vetto, former Clark County Deputy Prosecuting Attorney, and Clark County Jail employees. Dkt. 33, Exhibit B.

According to the declaration of counsel for defendants, the redacted emails consist of privileged attorney-client communications as evidenced in defendants' privilege log which was provided to plaintiff on April 19, 2019. Dkt. 34 at ¶ 8; Exhibits 5 and 6. Defendants' objections are well taken; the request will necessarily encompass attorney-client privileged documents which are not subject to production. Thus, plaintiff's motion to compel regarding the emails entitled "Exhibit B" is denied.

2. *Interrogatories 9 and 20 and RFP H*

Plaintiff requests that the Court compel defendants to respond to Interrogatories 9 and 20 and RFP H. Dkt. 33. Defendants argue that they have responded to plaintiff's discovery requests. Dkt. 34.

a. Interrogatory No. 9

<u>Interrogatory No. 9</u>: State the reasons why other inmates who committed the unauthorized phone calls act (allowing inmates to use their pin to make calls) were not infracted. Dkt. 35 at ¶ 3, Exhibit 1 at 11.

<u>Defendants' response</u>: Objection, overbroad, vague, unduly burdensome, not narrowly tailored to lead to the discovery of relevant admissible evidence. Further, Defendant Tangen [and Gentry] is being sued in his individual capacity and therefore can only respond in his individual capacity. Objection, speculation as "other inmates who committed the unauthorized phone calls act . . . were not infracted," also unintelligible. Dkt. 35 at ¶ 4; Exhibit 2 at 11, 33.

<u>Defendants' supplemental response:</u> Defendants object for the reasons stated above. The interrogatory is vague and assumes that other inmates who have made unauthorized phone calls have not been infracted. Defendants are not in possession, custody or control of any information or documents responsive to this Interrogatory. Dkt. 35 at ¶ 6; Exhibit 4 at 4.

Here, defendants have not responded to whether or not other inmates have made unauthorized phone calls and not been infracted. "A party answering interrogatories has an affirmative duty to furnish any and all information available to the party." 7 James Wm. Moore et al., *Moore's Federal Practice* § 33.102[1], at 33–72 (3rd ed. 2012) (footnote omitted). Interrogatories must be answered "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Defendants may not simply refuse to answer. Defendants assertion that the interrogatory is vague and assumes that other inmates have not been infracted does not justify their failure to investigate or the deficiency of their response. If they do not have the information requested, they must state that they are unable to answer the interrogatory and describe the efforts made to obtain the answer. *See Haworth v. Suryakant,* 2007 WL 1834696 (E.D. Cal. June 25, 2007) (citing *Hansel v. Shell Oil Corp.,* 169 F.R.D. 303, 305 (E.D. Pa. 1996)). Accordingly, plaintiff's motion to compel as to Interrogatory No. 9 is granted. Defendants are directed to submit a supplemental response to Interrogatory No. 9, indicating whether other inmates have

1  made unauthorized calls but have not been infracted. If defendants are unable to answer, they

2  must say so, and describe the efforts used to obtain the information.

    b. Interrogatory No. 20

  Interrogatory No. 20: State the reason why inmates are being housed in B pod specifically B6 and what is the schedule of inmates hour out? Dkt. 35 at ¶ 3; Exhibit 1 at 20.

  Defendants' response: Objection, overbroad, vague, unduly burdensome, not narrowly tailored to lead to the discovery of relevant admissible evidence. Further, Defendant Tangen [and Gentry] is being sued in his individual capacity and therefore can only response in his individual capacity. Objection, speculation as to "reason why other inmates are being housed in B pod specifically B6 and what is the schedule of inmate's hour out?" Dkt. 35 at ¶ 4; Exhibit 2 at 16-17, 38.

  Defendants' supplemental response: Without waiving the objections set forth above, Defendants refer you to the Inmate Handbook and Inmate Classification Policy 05.12, which will be provided to you shortly. Additionally, due to the operational pace of the Intake/Booking area, there is no set hour out schedule to be followed. Dkt. 35 at ¶ 6; Exhibit 4 at 4.

Defendants maintain that the information that plaintiff seeks in Interrogatory No. 20 has been provided and that the information related to the "hour out" schedule does not exist. Dkt. 34. A review of the evidence shows that defendants provided plaintiff with the prisoner handbook and classification policy in response to his interrogatories. Dkt. 35, Exhibit 4 at 4. Plaintiff has not shown that a schedule related to the "hour out" exists, or that any other information or documents exist or are in defendants' possession. Dkt. 33. A party is only required to produce documents in response to a request for production where those documents are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). *See Carter v. Dawson*, 2010 WL 4483814 at *5 (E.D. Cal. 2010) (defendants' assertion that they are unable to locate responsive documents does not provide a ground for granting a motion to compel "unless Plaintiff can identify a specific document that Defendants have withheld"). As defendants have already provided the prisoner handbook and classification policy and cannot produce documents not in their possession,

1 custody, or control, plaintiff has not shown an order compelling Defendants to produce

2 Interrogatory No. 20 is appropriate. Accordingly, plaintiff's motion to compel as to Interrogatory

3 No. 20 is denied.

c. RFP H

RFP H: Please produce all call logs of all inmates in F3 pod during the period of 03-17-2017 to 5/5/2017. Dkt. 35 at ¶ 3; Exhibit 1 at 11.

Defendants' response: Objection, overbroad, unduly burdensome, not narrowly tailored to lead to the discovery of relevant admissible evidence. Further, Defendants are being sued in their individual capacities and therefore can only respond in their individual capacities, producing those documents in their possession, custody or control, and not on behalf of the Clark County Jail. Further, the records sought are protected from disclosure because they are confidential inmate records. Without waiving these objections, defendants respond as follows: Defendants will produce redacted responsive documents, to the extent any exist, once a protective order is in place. Dkt. 35 at ¶ 4; Exhibit 2 at 11, 31-32.

Defendants' supplemental response: Defendants object to this Request because it is overbroad and unduly burdensome. Responsive documents (call logs) have been collected and Bates numbered CONFIDENTIAL -- CC000663-CC001324, but are not being produced at this time due to the voluminous nature of the production. Dkt. 35 at ¶ 7; Exhibit 5 at 6-7.

Defendants argue that the motion to compel should be denied as to RFP H because the requested discovery is unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and the call logs and the information contained therein are privileged records of other inmates and contain phone numbers of victims and other individuals that are not parties to this lawsuit. Dkt. 34.

The Court agrees that this request is overly broad and is not relevant nor is it likely to lead to the discovery of relevant evidence on the issue of whether plaintiff's constitutional rights have been violated due to the opening of his legal mail, interference with access to the courts, plaintiff's use of the telephone, his placement in administrative segregation, his classification/housing placement, and the cleanliness of his cell. Dkt. 8. Although plaintiff

alleges that defendants interfered with his use of the telephone, plaintiff has not stated any reason why he needs the call log of *other prisoners* including the telephone numbers of all individuals *other prisoners* have called between March 17, 2017 and May 5, 2017. Dkt. 33. There must be some basis to support plaintiff's discovery requests. Even when "relevance" is interpreted broadly to include matters that "are reasonably calculated to lead to the discovery of admissible evidence (*see* Fed. R. Civ. P. 26(b)), it is unclear how the call logs of other prisoners bear on plaintiff's claims. Accordingly, the motion to compel as to RFP H is denied.

**C. Request for extension and legal advice**

Plaintiff requests that the Court grant him an extension of time to file and respond to motions. Dkt. 33. The Court concludes that an open-ended extension to respond to future motions is not reasonable, and therefore, plaintiff's request is denied without prejudice. If defendants file a motion and plaintiff needs more time to file his response, he may file a motion for extension at such a time.

Plaintiff also requests notification of the deadlines, and for advice on what he is "suppose[d] to do next." Dkt. 33. The Court cannot offer legal advice, and thus, the request is denied. However, the Clerk is directed to send plaintiff a copy of the docket sheet, which will include any pending motions.

Dated this 8th day of July, 2019.

J. Richard Creatura
United States Magistrate Judge