UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HAIKEL GSOURI,<br><br>                Plaintiff,<br>    v.<br><br>SCOTT GENTRY, et. al.,<br><br>                Defendants. | CASE NO. C18-5472 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION TO SEAL |

This matter comes before the Court on Plaintiff Haikel Gsouri's ("Plaintiff") motion to seal exhibits in response to summary judgment, Dkt. 45, and the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 51.

Plaintiff brings an action under 42 U.S.C. § 1983 alleging that several of his constitutional rights were violated during his incarceration at the Clark County Jail ("CCJ"). Dkt. 8 at 3–19. On March 4, 2019, Judge Creatura issued a stipulated protective order designating the CCJ records of Plaintiff and other inmates as confidential. Dkt. 28.

On June 3, 2019, Defendants moved for summary judgment. Dkt. 36. On July 8, 2019, Plaintiff responded, Dkt. 43, filed supporting exhibits under seal, Dkt. 46, and

1 moved to seal the exhibits, Dkt. 45. Defendants failed to respond to Plaintiff's motion to
2 seal.
3       On August 8, 2019, Judge Creatura issued the R&R recommending that this Court
4 grant summary judgment and dismiss Plaintiff's claims with prejudice. Dkt. 51. Plaintiff
5 did not object to the R&R.
6       Under local rule, the Court may seal documents or materials that are submitted by
7 the parties. However, there is a strong presumption of public access to the Court's files.
8 Local Rules W.D. Wash. LCR 5(g). Accordingly, any motion to seal must include (1) a
9 certification that the parties have conferred on the need to file the document under seal
10 and (2) "a specific statement of the applicable legal standard and the reasons for keeping
11 a document under seal." Local Rules W.D. Wash. LCR 5(g)(3). This specific statement
12 requires an explanation of "(i) the legitimate private or public interests that warrant the
13 relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why
14 a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B). When
15 the parties have entered a stipulated protective order "a party wishing to file a
16 confidential document it obtained from another party in discovery may file a motion to
17 seal" but it is the responsibility of the party who designated the document confidential to
18 provide the information sought under LCR 5(g)(3)(B). The designating party may
19 provide this information "in its response to the motion to seal or in a stipulated motion."
20 LCR 5(g)(3).
21       In this case, Plaintiff filed, *inter alia*, CCJ records designated as confidential. *See*
22 Dkt. 46 (sealed exhibit containing 90 pages of discovery responses, grievance records,

and certain CCJ reports regarding Plaintiff and other inmates labeled with computer-generated "confidential" labels). Plaintiff's motion indicates that he filed the exhibit under seal "per the protective order filed by [D]efendants for discovery . . . ." Dkt. 45 at 1. Plaintiff's motion does not state whether the parties met and conferred regarding the need to seal the exhibit. It is undisputed that Defendants failed to respond to Plaintiff's motion and failed to provide sufficient reasons to retain the exhibits under seal as required by LCR 5(g)(3). This is reason alone for the Court to deny the motion.

Normally, the Court would provide Defendants an opportunity to withdraw the exhibits in lieu of retaining them under seal; however, the R&R granting summary judgment relied in part on these exhibits. *See* Dkt. 51 at 10. Therefore, the Court will not remove them from the docket.

The Court notes that the protective order does not designate information that is otherwise within the public domain as confidential. Dkt. 28. Some of the jail records submitted by Plaintiff may not be publicly available. However, most of the jail records in Plaintiff's exhibit had already been electronically redacted, presumably by Defendants, at the time Plaintiff filed them. *See, e.g.*, Dkt. 46. To the extent the records contain the names and personalized identification numbers of other inmates, the Court notes that this information appears to be publicly available online.[1] Consequently, without a basis to seal provided by Defendants, without clarity regarding the need to seal the exhibits, and with the less restrictive alternative of redaction seemingly utilized, the Court does not

---

[1] *See* https://www.clark.wa.gov/sheriff/jail-roster (last visited September 4, 2019).

find that compelling reasons exist to maintain the exhibits under seal. *See Hendrix v. Branton*, No. C93-537-TSZ-RSM, 2012 WL 2455741, at *3 (W.D. Wash. June 26, 2012) ("To obtain a court order sealing documents attached to a summary judgment or other dispositive motion, the parties must meet a "compelling reasons" standard rather than the lesser "good cause" standard.").

Therefore, the Court having considered the R&R, the motion to seal, and the remaining record, and no objections having been filed, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Plaintiff's motion to seal, Dkt. 45, is **DENIED**;

(3) Defendants' summary judgment motion, Dkt. 36, is **GRANTED**;

(4) Plaintiff's claims are **DISMISSED with prejudice**;

(5) Plaintiff's *in forma pauperis* status is **REVOKED** for the purposes of appeal; and

(6) The Clerk shall enter **JUDGMENT** and close this case.

Dated this 5th day of September, 2019.

BENJAMIN H. SETTLE
United States District Judge